IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CLORY SILVA,**

    Plaintiff,

vs.                                        Civ. No. 98-651 MV/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff applied for Social Security Disability Insurance benefits and Supplement Security Income benefits on January 30, 1995 alleging a disability which commenced April 4, 1994. Tr. 23, 25, 52, 60, 77-78. The application was denied initially and on reconsideration. Plaintiff requested and received a de novo review before an administrative law judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 19. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. As of the date of the ALJ's decision Plaintiff was 27 years old. Plaintiff has a high school diploma and alleges he is unable to read or write in English. Tr. 200. He has past relevant work experience as a stocker. Tr. 64-65.

**Issues**

4. Plaintiff alleges that the ALJ made three reversible errors in denying Plaintiff's claims for benefits. Specifically, Plaintiff claims that 1)the ALJ's finding that Plaintiff's mental impairment is not severe is not supported by substantial evidence

2

and is contrary to law; 2)the ALJ's reason for discrediting the report from Dr. Thompson is not legally adequate; and 3)the ALJ failed to consider the disabling affects of the combination of Plaintiff's impairments.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age,

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation

process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

 9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert

testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry his burden in establishing that he has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

11. The only medical record noting any mental difficulty for the adjudicated period is an August 21, 1996 report from Maryann G.

Thompson, Ph.D. who conducted a psychological evaluation of the Plaintiff at the request of Plaintiff's attorney.  Tr. 180-186.  Her evaluation showed that Plaintiff's construction, memory, abstract, and practical reasoning, language skills of perception and naming were intact.  Tr. 183.  She found that Plaintiff had mild to moderate impairment in attention, sentence comprehension and calculation.  Tr. 183.  Dr. Thompson found that the Plaintiff had a serious impairment in language learning.  Tr. 183.  As noted by the ALJ, Dr. Thompson found that Plaintiff's learning disabilities would not prevent him from performing manual labor.  Tr. 186.  Plaintiff is relying on Dr. Thompson's opinion that Plaintiff's "pain problems and currently emotional dysfunction were incompatible with successful employment." Tr. 186.  This statement is at best conclusory and not supported by the objective evidence of the record.  The ALJ correctly rejected this opinion. See Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994);("A...physician's opinion may be rejected if his conclusions are not supported by specific findings.") Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991)("[T]he report of a consulting physician who examined the claimant only once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the claimant's treating physician."); 20 C.F.R. sec. 404.1527(d)(3).  It appears from Dr. Thompson's report that the evidence she relied on in stating this opinion were the subjective reports of Plaintiff and his mother.

She did not review the records of Plaintiff's treating physician, Dr. Dellahoussaye. Subjective evidence alone is insufficient to prove disability. See Diaz v. Secretary of HHS, 898 F.2d 774,777 (10th Cir. 1990).

12. The only objective medical evidence in the record relates to Plaintiff's back. The health professionals who saw Plaintiff during the adjudicated period never mentioned that Plaintiff was having mental or emotional problems. None of the healthcare professionals referred Plaintiff to seek treatment for any mental or emotional problems. Plaintiff did not report that he had any prior mental health treatment. Further Plaintiff was not nor has he ever taken any medications for any mental or emotional problems. Tr. 182.

13. Plaintiff argues that the ALJ relied on Plaintiff failure to seek treatment as the basis for the ALJ's finding of that Plaintiff's alleged mental impairment is not severe. Plaintiff's argument is without merit. In reviewing the ALJ's decision, it is clear he relied other evidence to support his opinion. Tr. 12-19. He extensively discussed and analyzed Dr. Thompson's report; he noted the lack of objective evidence and the lack of a diagnosis. Further, in this case, Defendant in a report of contact report noted that Plaintiff's mother was informed that mental health services were available through the University of New Mexico. Tr. 78. There is no record that these services were sought by the Plaintiff or by his mother on his behalf. Though not

determinative, this is evidence that undermines Plaintiff's allegation of the severity of his mental impairment.

14. Illiteracy is not a disabling condition but a vocational factor. Tr. 15. In reaching his decision, the ALJ considered that Plaintiff was illiterate. He applied Medical Vocational Guidelines Rule 202.16, which pertains to a younger individual who is illiterate or unable to communicate in English. See 20 C.F.R. Part 404, Subpt. P, App. 2, Table NO. 2, Rule 202.16. Thus the ALJ's comments whether Plaintiff's illiteracy is remediable by tutoring had no effect on his ultimate finding in this case.

15. Plaintiff's contention that the ALJ erred in discounting the opinion of Dr. Thompson is without merit. A review of the ALJ's decision clearly shows that the ALJ did consider her opinion with the rest of the relevant evidence in the record. 20 C.F.R. secs. 404.1527, 416.927. The opinion of Dr. Thompson, a consultative examiner, is not entitled to the substantial weight normally afforded the opinions of treating physical. Frey v. Bowen, 816 F.2d 508, 514 (10th Cir 1987). As discussed above, it was proper for the ALJ to discount the opinion of Dr. Thompson concerning Plaintiff's pain and emotional state. These opinions are conclusory and not supported by the record or any objective evidence. It is not the law, as Plaintiff apparently argues, that because the consultative examiner is the only opinion on Plaintiff's mental status, that her opinion must be given deference. Cf. Castellano, 26 F.3d at 1029. Further,

uncorroborated subjective evidence is insufficient to prove disability. Diaz, 898 F.2d at 777.

16. The ALJ properly gave great weight to the opinion of Dr. Brian P. Dellahoussaye.[2] Dr. Dellahoussaye is a Diplomate of the American Board of Physical Medicine and Rehabilitation Balance Disorders and Pain Management. Tr. 109. He treated the Plaintiff in 1994 through 1995 for his chronic lumbar strain. He referred the Plaintiff for physical therapy. After twelve visits from July 26, 1994 to September 26, 1994, it was recommended that Plaintiff "pursue back to work options." Tr. 113. On September 26, 1994 Dr. Dellahoussaye reports that Plaintiff was asymptomatic. Tr. 107. In January of 1995, Plaintiff returned to Dr. Dellahoussaye because he was stiff and achy. Dr. Dellahoussaye told Plaintiff he must continue to do his stretching exercises and gave him Ibuprofen and Flexeril. At that time it was Dr. Dellahoussaye's opinion that "he should be placed at a status of maximal medical improvement for this injury" and did not "believe that he had a primary physical impairment related to this injury." Id.

17. The ALJ specifically said that the Plaintiff did not have "any impairment or combination of impairments" which met or equaled a listing. Tr. 16. In his decision the ALJ analyzed and discussed the evidence concerning each of Plaintiff's alleged

---

[2]The Court notes that in Dr. Delahoussaye's report he refers to the Plaintiff as a she. However, it is clear from the report in its entirety that he is referring to the Plaintiff.

impairments. Tr. 13-18. The ALJ's decision reflects a thorough evaluation of all the relevant evidence which pertains to the impairments specifically alleged by Plaintiff. Tr. 13-18. "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

18. To conclude, the basis for Plaintiff's Motion is a one sentence opinion of a consultative psychologist and the testimony of Plaintiff's mother. As stated at the beginning of this analysis more is required by the statute and regulations.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet
United States Magistrate Judge**